[No. 9,078.    Department Two. — February 2, 1884.]

# THE HOGS BACK CONSOLIDATED MINING COMPANY, Respondent, *v.* THE NEW BASIL CONSOLIDATED GRAVEL MINING COMPANY, Appellant.

Practice — Remittitur — Default — Inadvertence of Clerks. — On the 8th day of February, 1883, this court, upon a former appeal, reversed the judgment upon the ground of defective service of an amended complaint.   On the 13th of February the appellant moved that the judgment be modified so as to give it leave to answer.   On February 23d an order was made modifying the judgment as requested, and giving appellant leave to answer within twenty days after the filing of the remittitur in the court below.   On March 12th the clerk issued a remittitur which was filed on March 14th in the lower court.   By inadvertence of the clerk the issuing of the remittitur was not noted upon the record.   Upon inquiry by the counsel for the appellant, he was informed by the clerk that no remittitur had been issued or would issue until the expiration of thirty days from February 23d.   An answer was filed on April 3d.   On April 10th the Superior Court on motion of the respondent caused the default of the appellant to be entered, and gave judgment against him.   *Held*, (1) that a remittitur should not have been issued until the expiration of thirty days after the modifying order, and that the judgment by default for failure to answer within twenty days after the filing of the remittitur prematurely issued should be set aside on motion.   (2) That the default should have been set aside when it appeared that it was occasioned by the inadvertence of the clerk of this court in failing to make an entry of the issuance of a remittitur, and in misleading the appellant by his statements.

Appeal from a judgment of the Superior Court of the county of Placer, and from an order denying a motion to set aside a default and judgment.

*W. R. Daingerfield*, and *Edward Lynch*, for Appellant.

*Hale & Craig*, for Respondent.

The facts are stated in the opinion of the court.

Myrick, J. — This is an appeal from a default judgment, and from an order denying defendant's motion to vacate and set aside the judgment and the default.

This case was before this court on appeal from a former default and judgment, and this court, in department two, on the 8th of February, 1883, made an order reversing the judgment, on the ground of defective service of an amended complaint. (*Hogs Back Co.* v. *New Basil Co.* 63 Cal. 121.)   The dates herein mentioned become material.   On the 13th of February, the appellant moved the department that the judgment be modified so as to

give time to file an answer in the court below. On the 23d of February the department made an order reversing the judgment of the court below and remanding the cause, " with leave to appellant to file an answer to the complaint within twenty days after the filing of the remittitur in the court below." On the 12th of March the clerk of this court, by a deputy, issued a remittitur, which consisted of a certified copy of the order of February 8th, to which was attached a copy of the order of February 23d; this remittitur was filed in the court below March 14th; but by inadvertence the deputy clerk of this court failed to note in his register or elsewhere that it had been issued, and the fact of its issuance escaped his recollection until April 9th. Not until April 7th did the appellant learn of the issuance of this remittitur; he made frequent inquiries at the office of the clerk of this court whether a remittitur had been issued, and if not, when it would be, and was informed (through the inadvertence above mentioned) that none had been issued, and that none would be until the expiration of thirty days from February 23d, which would be March 25th. The appellant's attorney had requested the clerk of the court below to inform him at once whenever a remittitur should be filed. The clerk's office was at Auburn, Placer County, and the attorney for appellant resided in the city and county of San Francisco. On the 27th of March, a remittitur, based on the order of February 23d, was issued, and filed in the court below March 31st. The attorney for the appellant, supposing he had twenty days from this day to answer, prepared an answer, which was verified April 3d, and on the 9th of April sent it by mail to the clerk, and a copy for service. On the 10th of April, the court, on motion of respondent, caused the default of the defendant to be entered, and rendered judgment thereon in favor of plaintiff. This action by the court was based on the proposition that the first remittitur being filed in the court below March 14th, and the defendant having twenty days thereafter to answer, and not having answered within that time, was in default.

We think the motion to set aside the judgment and default should have been granted for two reasons:—

1. The first remittitur was improperly issued. A judgment by a department is not final until the expiration of thirty days

from its rendition unless the chief justice and two associate justices shall approve it. (Const. art. vi., § 2.) The judgment of February 8th remained unquestioned but five days, and then a motion to modify was made, which was taken under advisement, and not decided until February 23d, when a judgment as modified was entered. The remittitur should not have been issued for thirty days thereafter, the order not having been a *nunc pro tunc* order. This remittitur would doubtless have been recalled on motion. The second remittitur was issued March 27th, and filed below March 31st. The defendant had twenty days thereafter to answer, and within that time its attorneys did all that they could to that end.

2. The defendant's attorney having made repeated inquiries of the clerk of this court if a remittitur had been issued, and having been repeatedly informed that none had, and that none would be until March 25th, and no entry of the issuance of the remittitur having been made (through the inadvertence of a deputy as above stated), we think he might well have relied upon such information, coming as it did from an officer having custody of the records where an entry should regularly have been made. Admitting that the remittitur of March 12th was regular on its face, yet, when that of March 27th, showing the order of February 23d, was called to the attention of the court below, it should have permitted defendant to be heard and interpose its defense.

The order denying defendant's motion to vacate is reversed, and the cause is remanded with instructions to set aside the judgment and default, and that the answer of defendant be filed at any time within thirty days from the filing of this opinion, and that further proceedings be thereupon had as provided by law.

THORNTON, J., and SHARPSTEIN, J., concurred.